[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13663
Non-Argument Calendar

_____

D. C. Docket No. 05-02013-CV-J-W

DANA B. QUARLES,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner, Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 21, 2006)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Dana B. Quarles appeals the order of the district court that affirmed the

denial of his applications for disability insurance benefits and supplemental security income. Quarles argues that the administrative law judge failed to give proper weight to the opinion of Quarles's treating psychiatrist, Dr. Timothy Baltz of the Indian Rivers Mental Health Center, and the district court did not "engage in any meaningful examination" of Quarles's argument. We affirm.

"'We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards.'" Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is "something more than a mere scintilla, but less than a preponderance," Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted), and "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion," Crawford, 363 F.3d at 1158 (internal quotation marks omitted). We review de novo the determination of the district court that the Commissioner's decision is supported by substantial evidence. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

The opinion of a treating physician "'must be given substantial or considerable weight unless "good cause" is shown to the contrary.'" Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis, 125 F.3d at 1440).

2

Good cause exists when (1) the opinion of the treating physician was not bolstered by the evidence, (2) evidence supported a contrary finding, or (3) the opinion of the treating physician was conclusory or inconsistent with the doctor's own medical records. Id. at 1240-41. The report of a treating physician also "may be discounted when it is not accompanied by objective medical evidence." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). "When electing to disregard the opinion of a treating physician, [an] ALJ must clearly articulate its reasons." Phillips, 357 F.3d at 1241.

The ALJ acknowledged the proper legal standard and articulated reasons for deciding to give "little weight" to Dr. Baltz's assessment and opinions, and that decision is supported by substantial evidence. Dr. Baltz's assessment and opinions were not accompanied by objective medical evidence and are not bolstered by the record. Dr. Baltz submitted two brief and conclusory letters and a short questionnaire prepared by Quarles's counsel. Dr. Baltz stated in a letter dated January 2004 that Quarles did not have "any current problems with alcohol or substance abuse," but there was substantial evidence to the contrary. In March 2003, Dr. Baltz diagnosed Quarles with benzodiazepine and alcohol dependence, and a similar diagnosis was made in April 2003. In July 2003, Quarles admitted during a group therapy session at the Indian Rivers Mental Health Center that he

3

had a growing addiction to painkillers, and Quarles tested positive in October 2003 for benzodiazepines, barbiturates, opiates, and a high blood alcohol content. Dr. Baltz also stated that Quarles had nausea from a drug called Celexa, but the medical treatment records do not document any complaint by Quarles about Celexa.

The order of the district court is

**AFFIRMED.**