[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13468
Non-Argument Calendar

_____

D. C. Docket No. 05-00148-CV-OC-10-GRJ

JESSIE MASH,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 12, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jessie Mash, proceeding pro se, appeals the judgment that affirmed the

denial of his request for review regarding the calculation of his social security disability and retirement benefits by the Social Security Commissioner, 42 U.S.C. § 415. We affirm.

Mash was injured while employed by the Commonwealth of Massachusetts and, since 1988, he has received Accidental Disability Retirement benefits from Massachusetts. The administrative law judge determined that Mash's disability benefits are subject to the Windfall Elimination Provision (WEP) of the Social Security Act because they are periodic payments from an employer's primary retirement or disability plan based on earnings uncovered under the Social Security Act. The WEP eliminates the situation where an individual who had earned covered and non-covered wages would receive both full Social Security benefits and the pension benefits provided by the non-covered employment. See Stroup v. Barnhart, 327 F.3d 1258, 1259-60 (11th Cir. 2003). The Social Security Commissioner affirmed the administrative law judge.

Mash challenged the decision of the administrative law judge in the district court. Mash argued that a letter from the Massachusetts State Board of Retirement, which explained that his benefits were based on his employment with the state, was not made part of the record and that, without this letter, there was no basis to hold that his benefits were based on non-covered employment. The magistrate judge

2

found that the letter had been made part of the record and concluded that the administrative law judge's decision was supported by substantial evidence. Mash did not object to the magistrate judge's factual finding, and the district court adopted the magistrate judge's report and recommendations.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). When a party fails to object to a magistrate judge's report, we review the magistrate judge's factual findings for manifest injustice. United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988)

Marsh now argues that the WEP does not apply to his Massachusetts benefits. We disagree. Mash's brief reveals that he is confused about why the WEP applies to the calculation of his federal retirement benefits. Mash cites a number of Social Security Administration publications for the proposition that public disability benefits can only be used to reduce Social Security disability benefits, not Social Security retirement benefits, but these authorities do not apply to Mash. The administrative law judge and the magistrate judge found that Mash's Massachusetts benefits are a pension, not public disability benefits, because the benefits are based on his uncovered employment with the state government.

Because "pro se pleadings are . . . liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), we will assume that Mash also is challenging the magistrate judge's factual finding that the letter from the Massachusetts State Board of Retirement was made part of the administrative record. Based on our independent review of the record, the letter was included. There was no manifest injustice in the magistrate judge's factual finding.

To the extent that we can construe Mash as arguing that the WEP does not apply to his benefits even if they are based upon his previous state employment, we cannot reach this argument because it was not raised before the district court. Kelley v. Apfel, 185 F.3d 1211, 1215 (11th Cir. 1999). Mash's only argument before the district court was that the administrative law judge's decision had to be overturned because the letter from the Massachusetts State Board of Retirement was not part of the record. Although represented by counsel in the district court, Mash never argued that the WEP did not apply to his social security benefits regardless of the content of the letter from the Massachusetts State Board of Retirement.

**AFFIRMED.**