[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15704
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00799-CV-ORL-35-KRS

LIVIU GANTEA,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 2, 2010)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Liviu Gantea appeals a decision that affirmed the denial of his application

for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). Gantea challenges the ruling on two grounds. First, Gantea argues that the administrative law judge failed to consider Gantea's complaints about the side effects of his medications. Second, Gantea argues that the administrative law judge submitted an incomplete hypothetical question to the vocational expert. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The burden rests with the claimant to prove that he is disabled and entitled to Social Security benefits. See 20 C.F.R. § 404.1512(a); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

The record establishes that the administrative law judge considered Gantea's complaints about the side effects of his prescription drugs and determined that those side effects did not cause Gantea significant problems. Gantea testified that he suffered from "all kinds of side effects" from prescription medications, including headaches, dizziness, lack of sleep, and problems with his vision, heart, and liver, but the administrative law judge found that Gantea's complaints were

2

"not fully credible." The administrative law judge was entitled to discredit Gantea's complaints because neither of the physicians who prescribed Gantea's medications stated that side effects limited Gantea's ability to work. See Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990); 20 C.F.R. § 404.1529(c)(4) (evaluating symptoms based on "any inconsistencies in the evidence and the extent to which there are any conflicts between [the] statements [of the claimant] and the rest of the evidence"). Dr. Marc Gerber, who prescribed Etodolac and Cyclobenzaprine for Gantea's back pain, did not report any side effects caused by those medicines. Dr. Bhaskar Raju, who prescribed Wellbutrin, Lorazepam, Temazepam, and Lexapro for Gantea's depression, reported a "loss of sexual interest" as Gantea's only side effect. Dr. Zaponti recorded some symptoms reported by Gantea, but the doctor did not attribute the symptoms to Gantea's medications. The administrative law judge was not required to inquire further about Gantea's alleged side effects. See Cherry v. Heckler, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985).

Gantea argues that the administrative law judge posed an incomplete hypothetical question to the vocational expert that omitted that Gantea had moderate difficulty with concentration, persistence, and pace, but we disagree. Gantea suffered moderate limitations in his concentration, persistence, and pace,

3

but Dr. Ann Adams and Dr. Bruce Hertz reported that those impairments were not severe enough to constitute a functional limitation. Because Gantea's limitations did not meet or equal a listed impairment, the administrative law judge had to determine only whether Gantea could perform other work based on his residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4)(iii)–(v), 404.1520a(d)(3). The hypothetical question included all the impairments related to Gantea's residual functional capacity, and the answer of the vocational expert provided substantial evidence to support the finding that Gantea could perform the requirements of a table worker or assembly worker.

The denial of Gantea's application for benefits is **AFFIRMED**.