[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 11, 2011
JOHN LEY
CLERK

No. 10-14557
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-00114-MP-AK

MELISSA SUZANNE SMITH,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 11, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Melissa Suzanne Smith appeals the district court's order affirming the

Social Security Administration's denial of her application for disability insurance

benefits, 42 U.S.C. § 405(g). On appeal, Smith argues that the ALJ's finding of a severe combination of listed impairments at step two of the evaluation was not supported by substantial evidence because the evidence showed that four other impairments were also severe. Smith contends that the ALJ failed to consider an opinion of a non-examining consultant in making the determination of severe impairments. Smith also asserts that the Administrative Law Judge (ALJ) legally erred by failing to consider her mental and physical impairments in combination when evaluating her level of disability. Further, Smith argues that the evidence does not support the ALJ's determination that Smith's testimony was not entirely credible, and Smith challenges the ALJ's residual functional capacity determination, which was predicated, in part, on the credibility determination, and also provided the basis for the ultimate finding that Smith was not disabled. Finally, Smith argues that the ALJ's findings were not sufficient to allow meaningful appellate review.

We review a Commissioner's decision denying Social Security benefits to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's factual findings are conclusive if "supported by substantial evidence," but the Commissioner's "conclusions of law,

2

including applicable review standards, are not presumed valid." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quotation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford*, 363 F.3d at 1158 (quotation omitted). We "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation and alteration omitted). "Even if the evidence preponderates against the [Commissioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence." *Martin*, 894 F.2d at 1529.

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At step two, the claimant must show that she has a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, she must attempt to show that the impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id.* § 404.1520(a)(4)(iii). Fourth, if the claimant cannot meet or equal the criteria, the claimant's residual functional capacity is assessed, and she must show that she has an impairment which prevents

her from performing her past relevant work. *Id.* § 404.1520(a)(4)(iv). Fifth, once a claimant establishes that she cannot perform her past relevant work due to some severe impairment, the burden shifts to the Commissioner to show that significant numbers of jobs exist in the national economy which the claimant can perform. *Id.* § 404.1520(a)(4)(v); *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

At step two of the sequential analysis, the claimant bears the burden of proving that she has a severe impairment or combination of impairments to demonstrate a qualifying disability. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (holding that the regulations place "a very heavy burden" on the claimant to demonstrate a qualifying disability); *Phillips*, 357 F.3d at 1237 (noting that the second step of the analysis requires the ALJ to consider the severity of the claimant's impairments alone or in combination). Impairments, alone or in combination, are severe if they "'significantly limit' the claimant's 'physical or mental ability to do basic work skills.'" *Phillips*, 357 F.3d at 1237 (quoting 20 C.F.R. § 404.1520(c)).

When a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, the claimant must satisfy two parts of a three-part "pain standard," which requires evidence of an underlying medical condition, and either (A) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (B) that the objectively determined

4

medical condition is so severe that it can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless "good cause" is shown. *See* 20 C.F.R. § 404.1527(d)(1), (2); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists to discredit a physician's testimony when a physician's opinion is conclusory, contrary to or unsupported by the evidence of record, or inconsistent with the physician's own medical records. *Lewis*, 125 F.3d at 1440. "[F]indings and other opinions of State agency medical and psychological consultants . . . [are considered] as opinion evidence . . ." of non-examining sources. 20 C.F.R. § 404.1527(f)(2)(i).

In this case, a review of the entire record and consideration of the parties' briefs reflects that the ALJ's finding of a severe combination of certain listed impairments was supported by substantial evidence, as was the conclusion that the other four impairments named by Smith did not affect Smith's ability to work, were not severe, and did not impact the severity of the combination of impairments. The

ALJ properly followed the opinion of the examining physician over the opinion of a nonexamining consultant, in characterizing the severe impairments. *See* 20 C.F.R. § 404.1527(d)(1) and (f)(2)(i). The record also reflects that the ALJ considered Smith's impairments in combination and did not legally err in this regard because the ALJ's analysis and ultimate determinations were properly predicated on the combined effect of Smith's impairments and symptoms. Further, the ALJ's determination was clearly articulated and supported by substantial evidence. Based on all of Smith's impairments, the ALJ's residual functional capacity determination was also supported by substantial evidence. This determination was supported by an examining physician's opinion, by the opinions of nonexamining consultants, and by the testimony of a vocational expert. Based on the record, we cannot say the ALJ erred in concluding that Smith was not disabled, and the ALJ's decision was sufficiently supported and articulated to allow our meaningful review.

**AFFIRMED.**