[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13765
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00102-MP-AK

SARAH C. SCOTT,

Plaintiff-Appellant

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 3, 2011)

Before EDMONDSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Sarah Scott appeals the district court's order affirming the Commissioner's denial of her application for disability insurance benefits and supplemental security income benefits. Scott argues the hypothetical questions posed by the Administrative Law Judge (ALJ) to the vocational expert (VE) regarding her ability to work failed to address the full extent of her mental impairments or limitations. Specifically, Scott contends the ALJ's hypothetical failed to include her moderate inability to: maintain attention and concentration for extended periods, complete a normal workday or workweek without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. After review, we affirm the ALJ's decision.[1]

The Social Security regulations establish a five-step, sequential evaluation process to determine disability for both SSI and disability insurance benefits claims. *See* 20 C.F.R. §§ 404.1520, 416.920. The last two steps are relevant to this appeal: whether the claimant has the Residual Functional Capacity (RFC) to perform her past relevant work, and whether, in light of the claimant's RFC, age,

---

[1] "We review the [ALJ's] decision to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

education, and work experience, there are other jobs the claimant can perform. *Id.* If a claimant proves she can no longer perform her past relevant work, at the final step, "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (quotation omitted). An ALJ may rely solely on the testimony of a VE in determining whether there are other jobs the claimant can perform; however, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* at 1229–30.

The record here demonstrates that the ALJ posed hypothetical questions which encompassed all of Scott's impairments. The ALJ asked the VE to assume "moderate limitations in maintaining concentration, persistence, and pace" in addition to the physical limitations discussed in the initial hypothetical. The specific limitations noted in Scott's argument are a subset of "sustained concentration and persistence" concerns in the Mental RFC Assessment. The VE's testimony constituted substantial evidence that Scott was not disabled.

**AFFIRMED.**