[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2011
JOHN LEY
CLERK

No. 10-15488
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00184-GRJ

NANCY MAFFIA,

                                                        Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 12, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

      Nancy Maffia appeals from the district court's order affirming the

administrative law judge's ("ALJ") denial of her applications for disability

insurance benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1383(c)(3), covering the periods from October 26, 2003, through October 27, 2005, and from November 3, 2007, through February 23, 2009. On appeal, Maffia argues that the ALJ did not comply with Social Security Regulation 96-6p when he failed to consider a Mental Residual Functional Capacity ("RFC") Assessment prepared by Michael Zelenka, Ph.D., which indicated that Maffia was moderately limited in her concentration, persistence, and pace. Maffia also argues that the ALJ failed to pose hypothetical questions to a vocational expert ("VE") that included the non-exertional limitations identified by Dr. Zelenka.

## I.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

The social security regulations establish a five-step, sequential evaluation process to determine disability for both disability insurance benefits and supplemental security income. *See* 20 C.F.R. §§ 404.1520, 416.920. The ALJ must evaluate: (1) whether the claimant engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; (4) whether the claimant has the RFC to perform her past relevant work; and (5) whether, in light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

Social Security Ruling 96-6p states that findings of fact by a State agency psychological consultant must be treated as expert opinion evidence of a non-examining source. The ALJ cannot ignore this evidence and must explain the weight it gives to such evidence. S.S.R. 96-6p.

Maffia's argument that the ALJ erred by not considering Dr. Zelenka's Mental RFC Assessment is without merit. Although the ALJ did not refer to Dr. Zelenka by name, the ALJ specifically referred to and gave "great weight" to Exhibit 40F. Dr. Zelenka's Mental RFC Assessment is stamped as Exhibit 40F,

3

and it is identified as such in the administrative record's table of contents. Moreover, the ALJ's summary of Exhibit 40F confirms that he was, indeed, referring to Dr. Zelenka's Mental RFC Assessment. While this assessment indicates that Maffia has moderate limitations in her ability to maintain attention and concentration, and in her ability to complete a normal workday or workweek without interruptions from psychologically-based symptoms or to perform at a consistent pace without an unreasonable number and length of rest periods, Dr. Zelenka ultimately concluded that these limitations did not prevent her from carrying out instructions, relating to others, or accomplishing daily tasks. The ALJ did not reject this conclusion, but agreed with it and found it consistent with the record as a whole, including Maffia's own testimony. Thus, the record shows that the ALJ did consider, and in fact agreed with and relied upon, Dr. Zelenka's findings to formulate Maffia's RFC. Accordingly, the ALJ complied with S.S.R. 96-6p.

## II.

Once a claimant proves that she can no longer perform her past relevant work, "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (quotation

4

omitted).  The ALJ may rely solely on the testimony of a VE to meet this burden. *Id.* at 1230.  For the testimony of a VE to constitute substantial evidence, however, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* at 1229.

After posing a series of hypothetical questions encompassing Maffia's physical limitations, the ALJ limited the hypothetical to an individual who could only perform sedentary work.  The VE testified that, although this individual could not perform Maffia's past relevant work, the individual could still perform certain unskilled jobs in the national and Florida economies, such as a charge account clerk, a call-out operator, and a cutter-and-paster of press clippings.  The ALJ then asked the VE if the individual could still perform those unskilled jobs if she could only understand, remember, and carry out simple instructions.  The VE responded affirmatively.  Thus, by limiting the hypothetical to an individual who could only perform sedentary, unskilled work with the ability to only understand, remember, and carry out simple instructions, the ALJ properly incorporated Dr. Zelenka's medical opinion as to Maffia's mental limitations.

Based on the foregoing, we conclude that the ALJ's decision to deny benefits is based upon the proper legal principles and is supported by substantial evidence.  The ALJ's decision is, therefore,

5

**AFFIRMED.**[1]

---

[1]     Maffia's request for oral argument is denied.