[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15435
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00116-WLS

GERALYN ANDERSON,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 26, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Geralyn Anderson appeals the district court's order affirming the

Commissioner of the Social Security Administration's denial of disability, disability insurance benefits, and supplemental security income, 42 U.S.C. §§ 405(g) and 1383(c)(3). Anderson contends that the administrative law judge's reasons for not giving controlling weight to the opinion of her treating physician, Dr. John Beaty, and for discounting the opinions of two non-treating physicians, Dr. Michael Wager and Dr. Karl Willers, are not supported by the record.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and alterations omitted).

The Social Security regulations provide guidelines for the ALJ to use when evaluating medical opinion evidence. See 20 C.F.R. § 404.1527. The ALJ considers many factors when weighing such evidence, including the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of a doctor's

2

specialization. Id. § 404.1527(d). Generally, the medical opinions of professionals who provided treatment are given more weight than the opinions of those who only examined a claimant because "[treating] sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." Id. § 404.1527(d)(2). We have found "good cause" to afford less weight to a treating physician's opinion where the opinion was conclusory or inconsistent with the physician's own medical records or where the evidence supported a contrary finding. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Crawford, 363 F.3d at 1159 ("A treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." (quotation marks omitted)). As our limited review precludes us from reweighing the evidence, when the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).

With respect to the opinion of Dr. Beaty, a psychiatrist who treated Anderson for two years, the ALJ provided specific, adequate reasons for not giving his opinion controlling weight, and those reasons were supported by substantial evidence. For example, although Beaty stated that his functional

3

assessment of Anderson was based on two years of clinical observation, his findings were not supported by objective evidence: his treatment notes for Anderson primarily provided only the diagnosis or simply documented Anderson's subjective complaints during each visit. Moreover, those treatment notes reflected gradual improvement in Anderson's condition. The ALJ also noted that Beaty's opinion contained internal inconsistencies and did not address Anderson's lack of compliance with treatment and how that might have affected her functional abilities. In sum, because Dr. Beaty's opinion was not supported by the objective evidence in the record and was inconsistent with his own treatment notes, the ALJ had good cause to give that opinion less weight or discount it altogether. See Crawford, 363 F.3d at 1159; Lewis, 125 F.3d at 1440.

With respect to the opinion of Dr. Wager, the ALJ pointed out that the record did not support that Wager was a treating physician and that his opinion was therefore not entitled to controlling weight. Furthermore, the ALJ provided specific reasons for discounting that opinion, including the fact that Wager "merely recite[d] the litany of [Anderson's] complaints and contentions," grounding his conclusions only on Anderson's subjective allegations, not on objective evidence from the record.

Finally, regarding the opinion of Dr. Willers, the ALJ gave less weight to

4

that opinion, which was provided after a single evaluation, because the ALJ found that Willers "acted as [Anderson's] scrivener" and "uncritically accepted" everything she told him. For example, Anderson told Willers that she had been previously diagnosed with bipolar disorder—a claim without any support in the record—and that she had other problems supposedly stemming from injuries she sustained in motor vehicle accidents. Willers then assessed Anderson as having bipolar disorder, despite noting in his report that bipolar disorder was not normally caused by head trauma. Willers also diagnosed Anderson with borderline intellectual functioning, even though he noted that diagnosis was inconsistent with her history of working in payroll and accounting positions.

Because we do not reweigh the evidence anew, and the ALJ articulated specific reasons for discounting the opinions of Dr. Beaty, Dr. Wager, and Dr. Willers, which are supported by substantial evidence, there was no reversible error in the weight given to the doctors' opinions.

**AFFIRMED.**

5