[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10981
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-01673-RDP

K D B,
by and through her mother and next friend
SHAWANDA BAILEY,

                                                        Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 29, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

KDB, a minor, by and through her mother, Shawanda Bailey, appeals from the district court's order affirming the Social Security Commissioner's ("Commissioner") denial of Bailey's protective application for supplemental security income ("SSI") benefits on behalf of KDB, pursuant to 42 U.S.C. § 1383(c)(3). On appeal, KDB argues that the decision of the Administrative Law Judge ("ALJ") that she was neither medically disabled due to her asthma nor functionally disabled due to her asthma and learning disability was not supported by substantial evidence. In addition, KDB argues that the ALJ erred by not fully developing the record because he did not arrange for a medical expert to testify at the hearing and because he did not order updated intelligence testing. We affirm.

"Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

After a review of the record and consideration of the parties' briefs, we conclude that the ALJ's findings that KDB's condition did not meet or medically

equal a listed impairment were made according to proper legal standards and were supported by substantial evidence. Each of KDB's specific claims of error on this point lacks merit.

First, the ALJ did not err in determining that KDB's asthma failed to meet the requirements for the asthma impairment listing in 20 C.F.R. pt. 404, subpt. P, app. 1, § 103.03(B). To satisfy the requirements of this listed impairment, KDB must show her asthma caused "attacks . . . in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year." 20 C.F.R. pt. 404, subpt. P, app. 1, § 103.03(B). An inpatient hospitalization for longer than 24 hours counts as two attacks under this standard. *Id*.

KDB identifies five specific episodes that she claims satisfy this standard; one of these involved a hospitalization of longer than 24 hours and would therefore count as two attacks. We note initially that there is considerable doubt as to whether the identified episodes meet the definition for a qualifying attack. Even assuming each of these episodes is a qualifying attack, however, we conclude that KDB failed to satisfy the requirements because the six alleged attacks did not occur once every two months or six times a year; instead, they

occurred over a period of 20 months, between March 27, 2007, and November 17, 2008.

Second, contrary to KDB's argument that the ALJ rejected the treating physician's opinion, the record demonstrates that the ALJ relied on this source and reached a conclusion consistent with it in determining KDB's impairment did not medically equal the asthma listing. "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Here, the KDB's pediatrician stated KDB had "moderate persistent asthma," and when she was last seen in the clinic, KDB's asthma was "somewhat well controlled." In addition, the ALJ appropriately considered the opinions of physicians who treated KDB at the hospital. Thus, the ALJ properly gave "substantial or considerable weight" to the opinion of the treating source. *See MacGregor*, 786 F.2d at 1053.

Third, we conclude the ALJ addressed the school records in detail and did not reject them, and the records supported the ALJ's conclusion that KDB was not disabled.

Fourth, the ALJ did not inappropriately rely on the opinions of non-treating physicians. "[A]dministrative law judges must consider findings and other

opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence" of non-examining sources. 20 C.F.R. § 404.1527(f)(2)(i); s*ee also* SSR 96-6p (requiring ALJs to consider and address the weight given to state consultants' opinions, which are treated as expert opinion evidence of non-examining sources). The ALJ complied with the regulations regarding non-examining expert evidence and did not give inappropriate weight to these opinions.

As to KDB's challenges to the ALJ's assessment of her functional limitations and to the finding that her impairment or combination of impairments did not functionally equal the listings, we conclude KDB has waived these challenges because she did not raise these issues to the district court. *See Crawford*, 363 F.3d at 1161 (providing that we will not address an issue on appeal when a claimant has failed to raise it to the district court). *See Crawford*, 363 F.3d at 1161 (providing that we will not address an issue on appeal when a claimant has failed to raise it to the district court). Even if this issue were properly before this Court on appeal, however, we conclude that the ALJ's finding that KDB's condition did not functionally equal a listed impairment was supported by substantial evidence.

Finally, we conclude the ALJ did not err in failing to arrange for a medical expert to testify at the hearing or in failing to order updated intelligence testing. "It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citations omitted). "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007).

A review of the record reveals the ALJ was not required to order another intelligence test, nor was the ALJ required to arrange for an expert to testify at the hearing because the evidence in the record was sufficient to support an informed decision that KDB was not disabled. Thus, the ALJ fulfilled his duty and developed a full and fair record.

Accordingly, we affirm.

**AFFIRMED.**