[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15668
Non-Argument Calendar

_____

D. C. Docket No. 06-00076-CV-1-MMP-AK

DEBRA S. CLIFTON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 30, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Debra Clifton appeals a decision that affirmed the denial of her application

for supplemental security income from the Social Security Administration. 42 U.S.C. §§ 405(g). Clifton challenges the ruling on two grounds. First, Clifton argues that the administrative law judge erred in finding that Clifton had substantial medical improvement. Second, Clifton argues that the administrative law judge erred in finding that Clifton could perform work that existed in the national economy without consulting a vocational expert. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The burden rests with the claimant to prove that she is disabled and entitled to Social Security benefits. See 20 C.F.R. § 404.1512(a); Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

Substantial evidence supports the finding by the administrative law judge that Clifton experienced substantial medical improvement. An individual is eligible for disability benefits for chronic pulmonary disease when her capacity to expel carbon monoxide is less than 40 percent. Although Clifton qualified for benefits in 1999 when her diffusion capacity was between 37 and 41 percent, she had improved considerably by 2002, when her diffusion capacity was 97 percent.

Because Clifton no longer qualified as disabled, she was not entitled to further benefits. See Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984) (benefits can be terminated once "there is substantial evidence of actual improvement to the point of no disability").

The record supports the decision by the administrative law judge to rely on the medical vocational guidelines to determine that Clifton could resume work. Clifton does not challenge the finding that she had the functional capacity to perform a full range of light work. The judge accounted for Clifton's mild mental limitations and found that she could understand and execute "simple two step instructions" and interact appropriately with coworkers. The "unskilled work" limitation fully accounts for the limitations posed by Clifton's mental impairments. See 20 C.F.R. § 416.968(a) ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.").

The denial of Clifton's application for benefits is **AFFIRMED**.