[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 25, 2009
THOMAS K. KAHN
CLERK

No. 09-12304
Non-Argument Calendar

_____

D. C. Docket No. 07-00197-CV-J-TEM

KEVIN SULLIVAN,

Plaintiff-Appellant,

versus

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 25, 2009)

Before BLACK, CARNES and FAY, Circuit Judges.

PER CURIAM:

Kevin Sullivan, through counsel, appeals the district court's order affirming the Commissioner of Social Security's denial of disability insurance benefits (DIB) and supplemental security benefits (SSI).[1] Sullivan argues substantial evidence does not support the administrative law judge's (ALJ) determination he was not disabled. Specifically, Sullivan contends (1) the ALJ did not have good cause to give more weight to limitations noted by a consulting physician, Dr. Russell Clifton, than to those noted by a treating physician, Dr. Emily Hoon, and (2) the ALJ's hypothetical questions posed to the vocational expert (VE) regarding Sullivan's mental limitations failed to include all significant limitations set forth in Dr. Clifton's assessment. We address each issue in turn and affirm.[2]

I.

Sullivan contends the ALJ erred by discounting the medical opinion of one of his treating physicians, Dr. Hoon, because good cause did not exist to reject the opinion and because both doctors concluded Sullivan suffered from severe mental

---

[1] Sullivan has abandoned his DIB claim by failing to challenge it on appeal. *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1. (11th Cir. 2002).

[2] When "the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's factual findings with deference, and the "factual findings are conclusive if they are supported by substantial evidence, consisting of such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). However, we review the Commissioner's legal conclusions *de novo*. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

health limitations. The ALJ may reject any medical opinion if the evidence supports a contrary finding. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). Absent the existence of "good cause" to the contrary, however, the ALJ must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); 20 C.F.R. § 404.1527(d). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

If the ALJ disregards the opinion of a treating physician, the ALJ must clearly articulate his reasons. *Id.* at 1241. We have found no reversible error "[w]here our limited review precludes re-weighing the evidence anew, and [where] the ALJ articulated specific reasons for failing to give [the treating physician's] opinion controlling weight" and these findings are supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). When the ALJ does not give the treating physician's opinion controlling weight, the ALJ applies other factors such as the length of treatment, the frequency of examination, the nature and extent of the relationship, the supportability of the opinion, its

consistency with other evidence, and the specialization of the physician. *See* 20 C.F.R. § 416.927(d)(2)-(6).

Substantial evidence in the record supports the conclusion the ALJ discounted Dr. Hoon's opinion for good cause because the ALJ found Dr. Hoon's opinion was not persuasive and was contradicted by the opinions of other physicians. Specifically, the ALJ gave Dr. Hoon's assessment "little evidentiary weight" for four major reasons: (1) she was "clearly sympathetic" to Sullivan; (2) she did not "document objective mental status findings"; (3) her diagnosis that Sullivan suffered from chronic depression and PTSD was contradicted by the findings of three other doctors; and (4) she only treated Sullivan a few times in the span of six years. Because her opinion was unsupported by objective medical evidence and the record as a whole, the ALJ properly discounted Dr. Hoon's opinion regarding Sullivan's medical conditions. *See Crawford*, 363 F.3d at 1159.

II.

Sullivan contends the hypothetical posed to the VE was improper because it failed to include all significant limitations set forth in Dr. Clifton's assessment. When a claimant cannot perform a full range of work at a given level of exertion or has non-exertional impairments that significantly limit basic work skills, the ALJ can determine whether a claimant can perform other jobs through the testimony of

4

a VE. *Phillips*, 357 F.3d at 1240. For a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *See Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1220 (11th Cir. 2001) (reversing and remanding because the ALJ did not give proper weight to the opinions of the petitioner's physicians and did not pose thorough hypothetical questions to the VE). However, the ALJ is not required to include findings in the hypothetical the ALJ properly rejects. *See Crawford*, 363 F.3d at 1160-61 (holding the ALJ properly gave less weight to a physician who had only examined the petitioner once).

Substantial evidence supports the mental limitations included in the ALJ's hypothetical questions to the VE. The ALJ explained in the decision he gave "limited evidentiary weight" to Dr. Clifton's description of Sullivan's ability to make occupational adjustments as "Poor" in five areas because the assessment was unsupported by Dr. Clifton's own narrative and clinical exam findings, and also by Sullivan's statements during the hearing. Accordingly, the ALJ converted Dr. Clifton's five "Poor" mental limitations to "Fair" in the ALJ's hypothetical question to the VE. Even though Dr. Clifton was a consulting physician whose medical opinion the ALJ should normally give great weight, the ALJ in this

instance was not required to include findings in the hypothetical question he had properly rejected.

Because the ALJ did not err in (1) discounting Dr. Hoon's opinion for good cause and (2) according "limited evidentiary weight" to Dr. Clifton's five "Poor" mental limitations, we affirm the Commissioner's final finding Sullivan was not disabled for purposes of SSI.

**AFFIRMED.**