[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2011
JOHN LEY
CLERK

No. 10-14617
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cv-01467-DAB

MICHAEL DOEPKE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 7, 2011)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Doepke appeals the district court's order affirming the

Commissioner's denial of disability insurance benefits and supplemental security

income benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3).  Doepke makes two contentions: first that the Administrative Law Judge erred when it found that his previous jobs qualified as "past relevant work," and second that the ALJ erred when it found that Doepke could work full time.

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  (quoting Lewis, 125 F.3d at1439).

The ALJ was required to follow a "five-step sequential evaluation process . . .to decide whether [Doepke was] disabled."  See 20 C.F.R. §§ 404.1520, 416.920. The ALJ properly followed that process.  Doepke argues, however, that the ALJ erred at the fourth step in that process, where it was required to determine "whether a claimant can perform past relevant work despite his or her impairment."  Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997).

One of the jobs that the ALJ found to be past relevant work was Doepke's job as a deli worker.  Doepke fails to argue that his job as a deli worker would not constitute past relevant work.  Thus, the ALJ did not err in finding that Doepke's

2

job as a deli worker constituted past relevant work.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1335 (11th Cir. 2004) ("We will not address a claim that has been abandoned . . . .").

The ALJ then found that Doepke could perform unskilled or semi-skilled work, which included his past job as deli worker.  Therefore, the only question is whether substantial evidence supports the ALJ's finding that Doepke can perform his past relevant work as a deli worker.  Doepke does not have any physical conditions that would prevent him from being able to perform that work; one of his treating physicians said that "[his] [t]hought content and form are productive, goal directed, rational and coherent . . . [his] [i]ntellectual ability is above average and shows no impairment of attention span . . . [and his] [j]udgment is not impaired with respect to managing daily activities and making reasonable life decisions"; another one of his physicians found that he is "able to function satisfactorily" when dealing with "work pressures in a usual work setting," and that he can "[i]nteract appropriately with supervisor(s) . . . [and] co-workers"; neither of the two state agency psychologists indicated that Doepke would be unable to complete a normal workday; when the vocational expert was asked whether Doepke could "maintain a 40 hour week," he responded that Dopeke's impairment "certainly does not preclude the ability to function and sustain the

pace, persistence, and concentration"; and Doepke agreed that he is "able to get up and go to work" even when he does not want to"[b]ecause if [he] do[es not] then [he will] get fired." Substantial evidence supports the ALJ's finding that Doepke can perform past relevant work.

**AFFIRMED.**