[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12839
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-23613-RLD

ANITA GRAY,
for Johntrae Whymss,
Social Security No.: xxx-xx-1300,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Anita Gray appeals the administrative law judge's (ALJ) denial of Supplemental Security Income (SSI) benefits for her son Johntrae Whymss. After a review of the record, we affirm.

## I.

Gray applied for SSI benefits on June 13, 2005, claiming that her son was disabled due to asthma, depression, attention deficit hyperactivity disorder, borderline intellectual functioning, and intermittent explosive disorder. The Commissioner of Social Security (Commissioner) denied benefits initially and upon reconsideration. Following a hearing, at which Gray testified, the ALJ upheld the Commissioner's decision because Whymss did not meet or exceed Listing 112.05(D). Gray's appeal of the ALJ's decision was denied.

Gray then filed suit in the district court, which affirmed the Commissioner's decision.[1] This is Gray's appeal.

## II.

We review the ALJ's decision to determine whether it is supported by

---

[1] Gray did not argue before the district court that the ALJ erred by finding (1) her son was noncompliant with his medications, or (2) her testimony lacked credibility. Therefore, we will not consider these arguments here. *Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004).

substantial evidence and whether the ALJ applied proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id.* We may not reweigh the evidence and decide the facts anew; rather, we must defer to the ALJ's decision if it is supported by substantial evidence even though the evidence may preponderate against it. *Id.* at 1158-59.

III.

Gray argues that (1) the ALJ erred by not considering whether Whymss presumptively met Listing 112.05D for mental retardation; and (2) substantial evidence did not support a finding that Whymss failed to meet that Listing.

An individual under the age of 18 is considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The ALJ follows this three-step evaluation process to determine whether a child is disabled: First, the ALJ must determine whether the child is engaged in substantial and gainful activity. 20 C.F.R. § 416.924(a). Second, if the child is not engaged in substantial and gainful

3

activity, the ALJ must determine whether the child has an impairment or combination of impairments that is severe. *Id*. Finally, at step three, the ALJ must determine whether the child's impairment meets, medically equals, or functionally equals the Listings. *Id*. If the child's impairment meets this requirement and the duration requirement, he is disabled. *Id*. Otherwise, the child is not disabled. *Id*. The burden lies with the claimant to prove that he meets or equals a Listing. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991).

At issue in this case is Listing 112.05, which governs mental retardation in children under the age of 18. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.05. The introductory paragraph of that Listing defines mental retardation as being characterized by "significantly subaverage general intellectual functioning with deficits in adaptive functioning." *Id*. Relevant to this appeal, the required level of severity for this disorder is met if the child has "a valid verbal, performance, or full scale IQ of 60 through 70 and has a physical or other mental impairment imposing an additional and significant limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.05D. Thus, to be entitled to benefits, Gray must prove that her son meets both the requirements in the diagnostic description of the introductory paragraph and the listed severity criteria in 112.05D. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.00A.

Although the ALJ must consider the Listings, there is no requirement that the ALJ mechanically recite the evidence leading to his ultimate determination. *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986).  A finding that a claimant's impairments are not contained in the Listings may be implied from the ALJ's decision.  *Id*.

In this case, substantial evidence supports the ALJ's decision.  Although the ALJ did not explicitly cite Listing 112.05D, he found that Whymss did not meet one of the Listings, and he properly cited the three-step process.

Based on the evidence in the record, the ALJ could have found that Whymss' IQ score of 66 was inconsistent with other evidence of his activities and behavior, and therefore was not conclusive.  *See Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) ("a valid IQ score need not be conclusive of mental retardation where the score is inconsistent with other evidence on the claimant's daily activities and behavior").  Likewise, based on the record, the ALJ could have found that Whymss did not have deficits in adaptive functioning.  The record shows that Whymss took regular classes, was able to complete his work, and helped others with school subjects.  Further, Whymss's grooming and hygiene were normal, and Whymss was able to follow simple commands and engage in social judgment and deductive reasoning.  Other than Gray's testimony, there was

5

no evidence in the record to show that Whymss engaged in aggressive behavior at school.  Accordingly, substantial evidence supports a conclusion that Whymss did not meet Listing 112.05D, and we affirm the ALJ's decision.

**AFFIRMED.**