[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10207

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2012
JOHN LEY
CLERK

D. C. Docket No. 08-43 DEA

RONALD LYNCH,

                                                        Petitioner,

versus

DRUG ENFORCEMENT ADMINISTRATION,

                                                        Respondent.

_____

Petition for Review of the
Drug Enforcement Agency

_____

(May 22, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and GOLDBERG[*],
Judge.

PER CURIAM:

**I.**

_____

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting
by designation.

Before us is a petition for review of a final order of the United States Drug Enforcement Administration ("DEA"). The DEA issued an order to show cause to petitioner, Dr. Ronald Lynch ("Dr. Lynch"), of Sanford, Florida, proposing to revoke his DEA practitioner's Certificate of Registration ("COR"). The COR authorized Dr. Lynch to dispense controlled substances in Schedules II through V pursuant to The Controlled Substances Act ("CSA"). The order to show cause further proposed to deny any pending applications for renewal of Dr. Lynch's registration, pursuant to 21 U.S.C. §§ 823(f), 824(a)(4). The order to show cause alleged that Dr. Lynch's continued registration would be inconsistent with the public interest because, from approximately June 2002 through September 2004, he authorized controlled substance prescriptions for internet customers throughout the United States with whom he did not have a doctor-patient relationship. The order to show cause further stated that Lynch (1) issued prescriptions based on online questionnaires and/or telephone "consultations," (2) violated the laws of several states by issuing prescriptions to residents where he did not have a medical license, and (3) violated Florida law by issuing prescriptions over the internet without a documented patient evaluation and discussion between physician and patient.

A hearing was conducted before an Administrative Law Judge ("ALJ") in Arlington, Virginia. At the conclusion of the hearing, the ALJ recommended revocation of Dr. Lynch's registration. The DEA Deputy Administrator concurred with the ALJ and issued a final decision revoking Dr. Lynch's registration as a practitioner and denying any requests for modification or renewal of such registration. Lynch then filed this timely petition for review.

## II.

The issues presented in the petition for review are (1) whether there is substantial evidence to support the Deputy Administrator's findings that Dr. Lynch unlawfully dispensed controlled substances; and (2) whether the Deputy Administrator's revocation of Dr. Lynch's COR to dispense controlled substances was arbitrary, capricious, an abuse of discretion, or contrary to law.

## III.

The agency's factual findings are conclusive "if supported by substantial evidence." 21 U.S.C. § 877. "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)).

3

A court may set aside the Deputy Administrator's final decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The reviewing court will not overturn an agency decision where the agency "examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983).

## IV.

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we conclude that there is substantial evidence to support the decision of the Deputy Administrator. Additionally, we conclude that the Deputy Administrator's revocation of Dr. Lynch's Certificate of Registration to dispense controlled substances was not arbitrary, capricious, an abuse of discretion, or contrary to law. Accordingly, we deny the petition for review.

**PETITION DENIED.**