[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15355
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00150-GRJ

ROBIN STRICKLAND,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 11, 2013)

Before DUBINA, Chief Judge, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Robin Strickland appeals the district court's[1] judgment affirming the administrative law judge's ("ALJ") denial of Strickland's application for a period of disability and disability insurance benefits under Title II of the Social Security Act.  Strickland alleges that she became disabled on August 1, 2003, and the ALJ found that she suffered from the severe impairments of degenerative disc disease and status-post lumbar laminectomy.  When assessing Strickland's residual functional capacity, however, the ALJ found that, while Strickland's impairments could be reasonably expected to produce some of her alleged symptoms, Strickland's statements regarding the intensity, persistence, and limiting effects of those symptoms were not credible.  Additionally, the ALJ assigned "little weight" to Lumbar Spine Residual Functional Capacity Questionnaires that were submitted by two of Strickland's treating physicians.  Ultimately, the ALJ found that Strickland could perform a reduced range of sedentary work, and that a significant number of jobs existed in the national economy that she could perform.

On appeal, Strickland argues that the ALJ did not adequately articulate the credibility finding, and that substantial evidence does not support that finding.  Moreover, she argues that substantial evidence does not support the ALJ's decision to assign "little weight" to the opinions of her treating physicians.

---

[1] This case was decided by a magistrate judge by consent under 28 U.S.C. § 636 *et seq.*

2

We review the ALJ's decision to determine whether it is supported by substantial evidence, and whether the ALJ applied proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). We may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

A claimant must be under a disability to be eligible for disability insurance benefits. *See* 42 U.S.C. § 423(a)(1)(E). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of" at least 12 months. *Id.* § 423(d)(1)(A). The claimant bears the burden of proving her disability. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In order to determine whether a claimant is disabled, the Social Security Administration ("SSA") applies a five-step sequential analysis. 20 C.F.R. § 404.1520(a). This process includes a determination of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and

3

medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirement; (4) can perform her past relevant work, in light of her residual functional capacity; and (5) can make an adjustment to other work, in light of her residual functional capacity, age, education, and work experience. *Id*. § 404.1520(a)(4).

Before determining whether the claimant can work, the ALJ must first assess her residual functional capacity. 20 C.F.R. § 404.1520(a)(4)(iv)-(v), (e). The claimant's residual functional capacity is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1545(a)(1). The claimant is not disabled if, in light of her residual functional capacity and other factors, she can make an adjustment to other work. 20 C.F.R. § 404.1520(a)(4)(v), (g)(1).

## I. The Credibility Finding

A claimant may establish her disability through her own testimony of pain or other subjective symptoms. *See Dyer*, 395 F.3d at 1210; *Foote v. Chater*, 67 F.3d 1553, 1560–61 (11th Cir. 1995). The ALJ must consider a claimant's testimony of pain and other subjective symptoms where the claimant meets our three-part "pain standard." *See Foote*, 67 F.3d at 1560. Under that test, evidence of an underlying medical condition must exist. *Id*. If that threshold is met, then there must be either

objective medical evidence that confirms the severity of the alleged pain or symptoms arising from the underlying medical condition, or evidence that the objectively-determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or symptoms. *Id*. A claimant's subjective testimony supported by medical evidence that satisfies our pain standard is sufficient to support a finding of disability. *Id*. at 1561.

If the record shows that the claimant has a medically-determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors. *Id*. § 404.1529(c)(1)-(2). The ALJ may consider other factors, such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to her pain or symptoms. *Id*. § 404.1529(c)(3). The ALJ then will examine the claimant's statements regarding

5

her symptoms in relation to all other evidence, and consider whether there are any inconsistencies or conflicts between those statements and the record. *Id.* § 404.1529(c)(4).

If the ALJ decides not to credit the claimant's testimony as to her subjective symptoms, the ALJ must articulate explicit and adequate reasons for doing so or the record must be obvious as to the credibility finding. *See Foote*, 67 F.3d at 1561-62. While the ALJ does not have to cite particular phrases or formulations, broad findings that a claimant was incredible and could work are, alone, insufficient for us to conclude that the ALJ considered the claimant's medical condition as a whole. *Id.* at 1562. The ALJ's articulated reasons must also be supported by substantial evidence. *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). We will not disturb a properly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562. The failure to articulate reasons for discrediting a claimant's subjective testimony, however, requires that the testimony be accepted as true and becomes grounds for remand where credibility is critical to the outcome of the case. *Id.* The ALJ explicitly and adequately articulated her credibility finding. In support of this finding, the ALJ relied on Strickland's course of treatment, particularly relying upon the opinions of Dr. Reid, Dr. Scott, Dr. Valentine, Dr. Greenberg, and Dr. Stevenson. Generally, the ALJ found that Strickland's symptoms improved with

treatment, or that at least, the medical opinions did not corroborate her subjective complaints regarding her limitations.  Moreover, substantial evidence supports the ALJ's credibility finding.  First, various aspects of the medical evidence are inconsistent with Strickland's subjective complaints regarding the limiting effects of her symptoms.  Second, there was sufficient evidence regarding Strickland's daily living activities to support the ALJ's finding.  These activities were inconsistent with her subjective complaints regarding the limiting effects of her symptoms.  Accordingly, substantial evidence supports the ALJ's adverse credibility finding.

## II.  The Medical Opinions

The ALJ may consider medical opinions, including those regarding what the claimant can still do despite her impairments.  *See* 20 C.F.R. § 404.1527(a)(2).  A treating physician's opinion must be given substantial or considerable weight absent good cause.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("we give more weight to opinions from your treating sources").  "Good cause" exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Phillips*, 357 F.3d at 1240-41.  Among other factors in determining the appropriate weight to assign a medical opinion, the SSA considers

the consistency an opinion has with the record as a whole.  20 C.F.R. § 404.1527(c)(4).  The ALJ must clearly articulate her reasons for giving less weight to a treating physician's opinion, and the failure to do so is reversible error. *Lewis*, 125 F.3d at 1440.

The ALJ clearly articulated her reasons for assigning "little weight" to the Lumbar Spine Residual Functional Capacity Questionnaires.   The ALJ noted that both Questionnaires conflicted with the overall medical record.  Moreover, good cause existed for the ALJ's decision, particularly because both Questionnaires are inconsistent with various aspects of their authors' previous medical opinions. Furthermore, the limitations set forth in the Questionnaires also conflicted with other aspects of the record, and Strickland's daily living activities.

In light of the above, substantial evidence supports the ALJ's conclusion that Strickland was not disabled, and, therefore, ineligible for a period of disability and disability insurance benefits.  Accordingly, after a careful and thorough review of the administrative record and the parties' briefs, we affirm the judgment denying benefits.

**AFFIRMED.**

8