[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15627
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cv-80631-KMW


JENNIFER DUNLOP,
as legal Representative of CWS, a minor,

                                                    Plaintiff-Appellant,

versus


COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Jennifer Dunlop, as legal representative of her minor daughter CWS, appeals the district court's order affirming the Commissioner's denial of CWS's application for supplemental security income benefits. Dunlop contends that the administrative law judge erred by finding that CWS was not disabled within the meaning of the Social Security Act.

CWS was born with a missing middle finger on her right hand and had mental impairments that were characterized as separation anxiety and an adjustment disorder. Dunlop applied for supplemental security income benefits on behalf of CWS, but the application was denied. Dunlop requested a hearing before an ALJ, who found that CWS was not disabled and was not entitled to benefits. She then filed a complaint in federal district court, where a magistrate judge recommended affirming the ALJ's decision. The district court adopted the magistrate judge's report and recommendation. This is Dunlop's appeal.[1]

---

[1] Dunlop initially filed a pro se appeal on behalf of her minor daughter CWS. We sua sponte entered a stay and ordered the parties to show cause why Dunlop, a non-lawyer, could appear before us in a representative capacity. After receiving the parties' responses to the order to show cause, a single judge of this Court ordered the following issue to be carried with the case: "Whether this Circuit should, in cases involving a minor child's claim for Supplemental Social Security disability benefits, recognize an exception to the general rule that a non-attorney parent may not represent a minor child in federal court." In that same order, however, the single judge appointed counsel to represent Dunlop. That made the issue of whether Dunlop may proceed without counsel moot, and we therefore do not address it. See Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion.") (quotation marks omitted).

As appointed counsel, Eric M. Cohen of Miami has performed admirably and rendered a service to appellant and to this Court.

2

"We review the ALJ's decision to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quoting Lewis, 125 F.3d at1439).

To determine whether a minor child is disabled, the ALJ must follow a three-step sequential process, considering whether the child: (1) is engaged in "substantial gainful activity"; (2) has a medically determinable "severe" impairment or combination of impairments; and (3) has an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of an impairment listed in the Code of Federal Regulations. 20 C.F.R. § 416.924. The ALJ applied that three-step process, concluding that CWS had not engaged in substantial gainful activity, her impairments were "severe," but her combination of impairments did not meet, medically equal, or functionally equal the severity of a listed impairment.

Dunlop contends that the ALJ erred by finding that: (1) CWS's mental impairment was not medically equal to a listed impairment; and (2) CWS's combination of impairments was not functionally equal to a listed impairment. As to the first contention, substantial evidence supports the ALJ's determination that

3

CWS's mental impairment was not medically equal to a listed impairment. Various medical reports noted that CWS behaved appropriately for her age and two physicians concluded that her impairments, although severe, did not meet or medically equal the severity of a listed impairment. Dunlop points to the report of a social worker and a physician who conducted a mental health evaluation of CWS in support of her contention that the ALJ's conclusion was erroneous. But the existence of evidence that is arguably inconsistent with the ALJ's conclusion is not grounds for reversal. See Crawford, 363 F.3d at 1158–59 ("Even if the evidence preponderates against the ALJ's decision, we must affirm the decision so long as it is supported by substantial evidence.")

As to Dunlop's second contention, to determine whether CWS's impairments functionally equal a listed impairment the ALJ must assess how CWS functions in six "domains":  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).  The ALJ evaluated the six domains and concluded that CWS had "no limitation" in four of them and "a less than marked limitation" in two of them:  (1) moving about and manipulating objects; and (2) health and physical well-being.

Dunlop contends that the ALJ erred by failing to conclude that CWS had "marked" or "extreme" limitations in four of the domains:  (1) attending and completing tasks; (2) moving about and manipulating objects; (3) caring for self; and (4) health and physical well-being.  In support of her contention, Dunlop points to statements in medical reports and assessments by CWS's teachers that she claims suggest that CWS actually had significant limitations in those four domains.  The ALJ's conclusion, however, is supported by substantial evidence that showed that CWS's mental impairments did not prevent her from functioning similarly to a normal child of her age and that despite the physical limitations of her right hand, she was able to use her left hand to perform most of the functions that an unimpaired child of her age is able to perform.[2]

Regardless of the evidence that might suggest that CWS's impairments were more severe than the ALJ concluded, the record as a whole contains sufficient evidence for a reasonable person to accept the ALJ's conclusion that CWS's impairments did not meet, medically equal, or functionally equal a listed

---

[2] Dunlop also contends that CWS's hand impairment functionally equals a listed impairment because it is a "condition that is disabling at the time of onset, requiring continuing surgical management within 12 months as a life-saving measure or for salvage or restoration of function, and such major function is not restored or is not expected to be restored within 12 months after onset of this condition."  See 20 C.F.R. § 416.926a(m)(2) (giving examples of impairments that functionally equal the listed impairments).  That contention is not supported by the record because although CWS's surgeries improved the function of her right hand, there is no evidence that surgery was required to restore function.

impairment.    Accordingly, substantial evidence supports the ALJ's decision and we affirm.  See Crawford, 363 F.3d at 1158–59.

**AFFIRMED.**