[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15975
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00460-JRK

LEEANN O'BIER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 13, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Leeann O'Bier appeals the district court's order affirming the Commissioner's denial of disability insurance benefits and supplemental security income under 42 U.S.C. §§ 405(g) and 1383(c)(3).

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted).

The ALJ was required to follow a "five-step sequential evaluation process . . . to decide whether [O'Bier was] disabled." See 20 C.F.R. §§ 404.1520, 416.920. The ALJ properly followed that process. O'Bier argues, however, that the ALJ erred at the second step in that process by concluding that her depression was not a severe impairment. See id. § 404.1520(a)(4)(ii). A claimant's impairment is severe if it significantly limits her ability to perform basic work activities. Bowen v. Yuckert, 482 U.S. 137, 141, 107 S.Ct. 2287, 2291 (1987).

Substantial evidence supports the ALJ's finding that O'Bier's depression is not severe. Dr. Eduardo Sanchez, a psychiatrist, examined O'Bier and observed that she had adequate understanding and memory to perform "various work related mental activities." He found that "from the strict psychiatric standpoint Ms.

2

O'Bier should be able to function adequately in any job situation." The state agency psychologist found that O'Bier had no severe mental impairment, and that she had only mild limitations in the activities of daily living, social functioning, concentration, persistence, or pace. In fact, the only evidence in the record that suggests that O'Bier's depression would affect her ability to work is her own testimony and the opinion of Dr. Umesh Mhatre. The ALJ, however, found that O'Bier's testimony about her alleged depression was "only partially credible" because she gave conflicting stories about substance abuse, engaged in daily activities that were inconsistent with her alleged disabilities, and went on long trips with her boyfriend in his tractor trailer despite her allegations that she could not sit for long periods of time. The ALJ also discredited the opinion of Dr. Mhatre because he gave two inconsistent opinions about the severity of O'Bier's work restrictions. And even if Dr. Mhatre's opinion had been credible, the opinions of Dr. Sanchez and the state agency psychologist still provide substantial evidence supporting the ALJ's finding that O'Bier's depression was not a severe impairment.

**AFFIRMED.**