[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10923
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-62233-WJZ

CARLOS KOSLOFF,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 3, 2014)

Before HULL, MARCUS, and HILL, Circuit Judges.

PER CURIAM:

Carlos Kosloff appeals from the district court's affirmance of the Social Security Administration's ("SSA")  denial, in part, of his request that recovery of a Supplemental Security Income ("SSI") payment be waived.[1]  He argues that there was no overpayment, because the money in his bank account that put him above the SSI eligibility resource threshold came from a home equity line of credit ("HELOC"), which should not have been counted as a resource because it was actually a liability and because doing so ran counter to the Social Security Act's home exclusion rule.

On judicial review, decisions of the Commissioner of Social Security ("Commissioner") are conclusive if supported by substantial evidence and if the correct legal standard was applied.  42 U.S.C. §§ 405(g), 1383(c)(3); *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999).  We review the Commissioner's factual findings with deference and legal conclusions with close scrutiny.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  When the Appeals Council denies review, we review the Administrative Law Judge's ("ALJ") decision as the Commissioner's final decision.  *Id*.  We do not address arguments not raised before the district court. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

---

[1] Plaintiff-Appellant Carlos Kosloff's motion to file a reply brief out of time is GRANTED.

In order to be eligible for SSI, an individual living with a spouse must not have resources of more than $3,000. 20 C.F.R. § 416.1205(b), (c). "Resources" are defined as "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." *Id*. § 416.1201(a). Liquid resources are defined as "cash or other property which can be converted to cash within 20 days," such as "financial institution accounts." *Id*. § 416.1201(b). Funds held in a financial institution account are an individual's resource if the individual owns the account and can use the funds for his or her support and maintenance. *Id*. § 416.1208(a). An individual's principal place of residence and one automobile used for transportation are not counted as resources. *Id*. §§ 416.1210(a), (c), 416.1212(a).

The proceeds of a loan do not count as income for the purposes of SSI eligibility. *Id*. § 416.1103(f). However, according to the SSA's internal-guidance manual, Programs Operations Manual System ("POMS"), cash provided by a lender upon a borrower's promise to repay in full counts as the borrower's resource if retained in the month following the month of receipt. POMS SI 01120.220(B)(1), (C)(1)(a). We have stated that "[w]hile the POMS does not have the force of law, it can be persuasive." *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003).

The Commissioner shall recover overpayments to an individual whenever the Commissioner finds that more or less than the correct amount of benefits has been paid. 42 U.S.C. § 1383(b)(1)(A). Recovery of an overpayment may be waived if a claimant is without fault and recovery would defeat the purpose of Title XVI, would be against equity or good conscience, or would impede efficient or effective administration of Title XVI due to the small amount involved. 20 C.F.R. § 416.550. The claimant has the burden of establishing that he is without fault for the overpayment. *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982). "Although the finding depends on all of the circumstances in the particular case, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from . . . failure to furnish information which the individual knew or should have known was material." 20 C.F.R. § 416.552(a).

Here, the funds in Kosloff's financial institution accounts were properly counted as resources. 20 C.F.R. § 416.1201(a), (b). Kosloff himself described his HELOC as a loan, and loan proceeds are counted as a resource the month after their receipt. POMS SI 01120.220(C)(1)(a). Kosloff's argument that equity in a home is not a countable resource if the home is the individual's principal residence fails because his equity was not actually counted as a resource—the proceeds of a line of credit secured by that equity were. Additionally, substantial evidence

4

supports the ALJ's conclusion that Kosloff was overpaid $1,178.38 in SSI benefits from March to September 2010, *Kelley*, 185 F.3d at 1213,  and Kosloff did not argue below that he was not at fault as to the overpayments, so we need not address that issue, *Crawford*, 363 F.3d at 1161.

After careful review of the parties' briefs and the record on appeal, we affirm for the foregoing reasons.

**AFFIRMED.**

5