[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-12153

Non-Argument Calendar

————————————

PHILLEATRA JOYCE GAYLOR,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02245-MHC

————————————

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Philleatra Gaylor appeals an order affirming the denial of her application for disability insurance benefits. 42 U.S.C. § 405(g). We affirm.

Gaylor argues that the administrative law judge failed to consider the combined impact of her non-severe visual impairments of myopic degeneration, cataracts, glaucoma, and monocular vision, with her severe visual impairment of myopia, but the administrative law judge considered all records relevant to determining Gaylor's condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). And the administrative law judge accounted for Gaylor's myopic degeneration by including a limitation on work requiring distance vision.

Substantial evidence supports the administrative law judge's finding that Gaylor's reports of the limiting effects from glaucoma, cataracts, and monocular vision were either inconsistent with or unsupported by the record. Specifically, Dr. Althea Turk, a consulting ophthalmologist, explained that Gaylor's report of "night blindness" was unconfirmed, and cataract surgical correction was not needed. Gaylor's primary care physicians did not record any significant visual complaints. And the vocational expert testified that,

even with Gaylor's reported limitation of monocular vision in her left eye, she still could perform her past relevant work.

Gaylor argues that the administrative law judge's hypothetical question to the vocational expert was deficient because it did not include her inability to commute to work in certain conditions, and that the administrative law judge failed to ask the vocational expert for her "source(s)." These arguments are not properly before us because Gaylor did not raise them in the district court. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). For this reason, too, we decline to consider Gaylor's argument that the administrative law judge failed to consider her attorney's questions to the vocational expert. *Id.*

We **AFFIRM** the denial of Gaylor's application for benefits.