[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11633

Non-Argument Calendar

_____

JEFFREY MAY,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02481-JRK

_____

Before JORDAN, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Jeffrey David May challenges the Commissioner of the Social Security Administration's ("Commissioner") denial of his Disability Insurance Benefits ("DIB") application. May argues that the administrative law judge ("ALJ") erred by failing to consider the limitations his migraine headaches caused. He asks us to reverse this case and remand it with directions for the ALJ to conduct a new hearing and give appropriate weight to the Veteran Affairs ("VA") medical consultant's opinion about the migraine headaches. For the following reasons, we affirm the decision of the district court.

**I**

When we review a decision by the Commissioner, we ask whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). And we review de novo whether the ALJ applied the proper legal standards. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford*, 363 F.3d at 1158 (citation omitted). It requires more than a scintilla but less than a preponderance of the evidence. *Id.* While we must review the record as a whole, we

may not decide facts anew, re-weigh evidence, make credibility determinations, or substitute our judgment for that of the Commissioner. *Moore v. Barnhart*, 405 F.3d 1208, 1211, 1213 (11th Cir. 2005) (per curiam).

The ALJ must develop a full and fair record. *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988) (per curiam). Doing so ensures the ALJ has "scrupulously and conscientiously probe[d] into, inquire[d] of, and explore[d] for all the relevant facts," while also enabling us on appeal "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Id.* (citations omitted). But even so, the ALJ need not discuss every piece of evidence in his decision. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam).

"An individual claiming Social Security disability benefits must prove that she is disabled." *Moore*, 405 F.3d at 1211. The Social Security regulations establish a five-step process for an ALJ to determine whether a claimant is disabled. The ALJ considers (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual-functional-capacity assessment, whether the claimant can perform any of his past relevant work despite the impairment; and (5) whether significant numbers of jobs exist in the national economy that the claimant can perform given the claimant's residual functional capacity, age,

education, and work experience.  20 C.F.R. § 404.1520(a)(4)(i)-(v). If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry ends.  *Id.* § 404.1520(a)(4).

## II

Here, the ALJ found at step four that May was not disabled because he was capable of performing past relevant work.  The ALJ alternatively found at step five that May was not disabled because he was capable of performing work that existed in significant numbers nationally.

May appeals the district court's affirmance of those findings. He argues that the ALJ failed to give "great weight" to the opinion of the VA's medical consultant about May's migraine headaches. Even though the ALJ mentioned May's headaches and the VA medical consultant's opinion about them, May posits that the ALJ failed to specifically acknowledge the consultant's opinions on the frequency and intensity of the headaches.  He cites *Noble v. Commissioner of Social Security*, 963 F.3d 1317 (11th Cir. 2020), for the principle the ALJ must explicitly address in his decision opinion evidence from a VA medical consultant that underlies a percentage rating assignment, and the ALJ must give express reasons if he rejects that opinion.

For claims filed before March 27, 2017, *Noble* requires this Court to ask the following: (1) "whether the ALJ's decision shows that she considered [the VA's] decision" on the claimant's disability status, and if so, (2) "whether substantial evidence in the record

supports the ALJ's decision to depart from the other agency's decision." *Id.* at 1330.

We conclude, after review of the record, that the ALJ applied the proper legal standards and substantial evidence supported his decision. First, the ALJ considered the VA medical consultant's opinion that May's migraine headaches impacted his ability to work. In fact, he described the consultant's opinion in the ALJ decision. Plus, the ALJ specifically found that "migraine headaches" were one of May's severe impairments, and he considered other evidence of headaches throughout the decision.

Second, substantial evidence supports the ALJ's decision that May had the capacity to perform one of his past jobs or other jobs in the national economy, even with the evidence of migraine headaches. For example, the ALJ relied on evidence that May was able to live independently, perform chores, drive, handle finances, work out, and care for his house and dogs. And while the ALJ considered evidence that May suffered from migraine headaches, he also relied on evidence that the headaches had no impact on May's ability to work.

We may not reweigh the evidence or substitute our judgment for the Commissioner's on appeal. So long as substantial evidence supports the decision, we may not overturn the decision of the Commissioner. Here, that is the case. Accordingly, we affirm the decision of the district court upholding the decision of the Commissioner.

**AFFIRMED.**