[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12621
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-02880-VMC-TGW


JAMES CHAPMAN,

Plaintiff-Appellant,

versus


COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(November 26, 2012)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

James Chapman, through counsel, appeals the district court's order affirming the Commissioner's denial of his application for disability insurance benefits ("DIB"). On appeal, Chapman argues that the decision of the administrative law judge ("ALJ") was not supported by substantial evidence because the ALJ's hypothetical question to the Vocational Expert ("VE") failed to incorporate all of the findings of an examining psychologist, Dr. Hodan, regarding Chapman's mental limitations.

We review *de novo* the legal principles underlying the ALJ's decision, but review "the resulting decision only to determine whether it is supported by substantial evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is defined as more "than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). We do not reweigh the evidence or substitute our own judgment for that of the ALJ, even if we find that the evidence preponderates against the ALJ's decision. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The Social Security Regulations outline a five-step, "sequential" evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment

meets or equals the severity of the specified impairments in the Listing of Impairments; (4) whether, based on an RFC assessment, the claimant can perform any of his past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform, given the claimant's RFC, age, education, and work experience. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(1), (4)(i)-(v). RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [his] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

At step five, the Commissioner bears the burden to show that a significant number of jobs exist in the national economy, which the claimant can perform. *Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. *Phillips*, 357 F.3d at 1239–40. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ is not required to include findings in the hypothetical that the ALJ

has found to be unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

The ALJ included all of the limitations it found credible and relevant in the hypothetical to the VE, and the hypothetical fully accounted for Chapman's mental limitations. Consequently, the VE's testimony answering the hypothetical constituted substantial evidence, upon which the ALJ could properly find that jobs existed in the national economy which Chapman could perform. Accordingly, we affirm.

**AFFIRMED.**