[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14319
Non-Argument Calendar
_____

D.C. Docket No. 6-11-cv-00028-BAE-GRS

BUD GASKIN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 14, 2013)

Before MARCUS, KRAVITCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Bud Gaskin appeals the administrative law judge's ("ALJ") denial of a period of disability and disability insurance benefits under Title II of the Social Security Act.  Gaskin had a total replacement of his right knee and suffered from degenerative joint disease in his left knee.  Dr. Scott Duffin, an orthopedist who performed surgery and follow-up care on Gaskin's left knee, offered an assessment of Gaskin's physical limitations and indicated that Gaskin's pain was often severe enough to interfere with his attention and concentration.  The ALJ ultimately denied disability benefits after finding that Gaskin could perform jobs that existed in significant numbers in the national economy.

On appeal, Gaskin argues that the ALJ -- by assigning significant weight to Dr. Duffin's opinion without expressly rejecting any aspects thereof -- accepted Dr. Duffin's assessment that Gaskin's pain was often severe enough to interfere with his attention and concentration.  He concludes that the ALJ's hypothetical questions to the vocational expert were, therefore, incomplete because they failed to include Gaskin's pain-related limitations.

We review the ALJ's decision to determine whether it is supported by substantial evidence and whether the ALJ applied proper legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would accept as adequate to support a conclusion. *Id*. We may not reweigh the evidence or decide the facts anew, and we must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

A claimant must be under a disability to be eligible for disability insurance benefits. *See* 42 U.S.C. § 423(a)(1)(E). A claimant is disabled if he is unable to engage in substantial gainful activity by reason of a medically-determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. *Id*. § 423(d)(1)(A). The claimant bears the burden of proving his disability and of presenting evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

To determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential analysis. 20 C.F.R. § 404.1520(a). This process includes a determination of whether the claimant (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant

3

work, in the light of his residual functional capacity; and (5) can make an adjustment to other work, in the light of his residual functional capacity, age, education, and work experience. *Id*. § 404.1520(a)(4).

A claimant who can make an adjustment to other work is not disabled. *See id*. § 404.1520(a)(4)(v), (g)(1). When determining whether a claimant can make an adjustment to other work, the ALJ first determines the claimant's residual functional capacity. *See id*. The claimant's residual functional capacity is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite his impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1545(a)(1).

The Commissioner bears the burden of demonstrating that, in the light of the claimant's residual functional capacity, a significant number of jobs that the claimant can perform exist in the national economy. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(v), (g)(1). The ALJ may make this determination by posing hypothetical questions to a vocational expert. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). A vocational expert's testimony, however, only constitutes substantial evidence that a claimant can perform other work when the ALJ presented the vocational expert with a hypothetical question that comprised all of the claimant's impairments. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007).

In reality, substantial-evidence review in cases like this one involves some intricacy.  "[T]he testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  *Crawford*, 363 F.3d at 1159.  The ALJ must clearly articulate the reasons for giving less weight to a treating physician's opinion, and the failure to do so constitutes error.  *Lewis*, 125 F.3d at 1440.  "Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  *Winschel*, 631 F.3d at 1179.  We have written that, absent such a statement, it is impossible for us to determine whether the ALJ's decision is rational and supported by substantial evidence; and we have said we will decline to affirm simply because some rationale -- given the record -- might support the ALJ's conclusion.  *Id.*

The ALJ failed to address Dr. Duffin's assessment that Gaskin's pain was often severe enough to interfere with his attention and concentration, and those limitations were not included in the ALJ's residual functional capacity assessment or hypothetical questions.  Given the discourse in our precedents, we are unable to review correctly whether substantial evidence supports the ALJ's finding that Gaskin was not disabled.  Accordingly, we vacate the district court's decision; and we instruct that court to remand to the ALJ for an express consideration of Dr. Duffin's seemingly-pertinent assessment that Gaskin's pain was often severe enough to interfere with his attention and concentration.  Then, the ALJ must take

5

into account the ALJ's resulting findings, about the impact of pain, in a residual functional capacity assessment and determine once more whether other work exists that Gaskin can perform.

VACATED AND REMANDED.