[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13465
Non-Argument Calendar

_____

D.C. Docket No. 6:11-cv-01128-GAP-KRS

THERESA M. DAWSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 3, 2013)

Before BARKETT, MARCUS, Circuit Judges, and  HUCK,* District Judge.

PER CURIAM:

_____

* Honorable Paul C. Huck, United States District Judge for the Southern District of
Florida, sitting by designation.

Theresa Dawson appeals the district court's order affirming the Social Security Administration's denial of her application for supplemental security income. On appeal, she argues that the Administrative Law Judge ("ALJ") erred by failing to expressly include Dawson's limitations in maintaining concentration, persistence, or pace in the residual functional capacity ("RFC") assessment or in the hypothetical question posed to the vocational expert ("VE").

We review the Commissioner's decision for substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted). The individual seeking Social Security disability benefits bears the burden of proving that she is disabled. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

> The Commissioner uses
>
> a five-step, sequential evaluation process . . . to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on [the RFC] assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

Winschel, 631 F.3d at 1178.  The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments."  Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).

If the claimant successfully proves that she is unable to perform her past relevant work, the Commissioner bears the burden of determining whether there is other work available at the fifth step.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Commissioner may show "that the claimant can perform other jobs . . . through the testimony of a VE."  Id. at 1229.  "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Id.  However, an ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004).

If an ALJ determines at step two of the sequential evaluation process that the claimant's mental impairments caused limitations in concentration, persistence, or pace, the ALJ must include those limitations in the hypothetical questions posed to the VE.  Winschel, 631 F.3d at 1180-81.  However, the ALJ may instead include in the hypothetical questions the limitation that the claimant is restricted to unskilled work if the medical evidence shows that the claimant can perform simple, routine tasks or unskilled work despite her limitations in concentration, persistence, or

pace.  Id. at 1181 (remanding for the ALJ to explicitly include the claimant's moderate limitation in maintaining concentration, persistence, or pace in the hypothetical question because "the ALJ did not indicate that medical evidence suggested [that the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical").

In this case, unlike in Winschel, the ALJ indicated in the hypothetical that the medical evidence showed that Dawson's ability to work was only affected by her limitations in maintaining concentration, persistence, or pace to the extent that she was limited to routine, repetitive tasks with up to three-step instructions.  See id.  Therefore, the ALJ did not err by not explicitly including limitations in maintaining concentration, persistence, or pace in the RFC assessment or in the hypothetical question to the VE, and the VE's testimony constituted substantial evidence.  Because substantial evidence shows that the ALJ sufficiently accounted for Dawson's limitation, we affirm.

**AFFIRMED.**