[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11576
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-01157-PDB


MARY MORGAN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 28, 2019)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Mary Morgan appeals the district court's order affirming the Acting Commissioner of Social Security's (the "Commissioner") decision to deny her claim for Supplemental Security Income ("SSI") payments. After careful consideration, we affirm.

## I.

On June 21, 2012, Morgan, who was thirty-nine years old at the time, filed an application for SSI disability payments, alleging a disability onset date of January 1, 1997.[1] She claimed she was unable to work due to asthma, high blood pressure, severe depression, anxiety, and bone spurs in her back and feet. A disability adjudicator denied Morgan's application on September 14, 2012. Morgan filed a request for reconsideration. When that proved unsuccessful, she requested—and received—a hearing before an administrative law judge ("ALJ").

On March 12, 2014, an ALJ requested that Dr. Oscar Farmati complete an interrogatory regarding Morgan's ability to do work-related activities. Dr. Farmati did as he was asked and reviewed the evidence in the record. He did not, however, personally examine Morgan. Dr. Farmati opined Morgan could frequently carry and lift up to fifteen pounds, sit for three hours at a time (six hours total in an

---

[1] This was Morgan's second application. Morgan also filed an application for SSI disability payments in 2008 based on substantially similar ailments and an onset date of January 1, 1991. That claim was unsuccessful at all levels of administrative review. Morgan does not appear to have challenged that denial in district court.

eight-hour work day), stand for thirty minutes (one hour in a work day), and walk for thirty minutes (also one hour total in a work day) due to foot pain.

Morgan's hearing was held half a year later before a different ALJ.  At the hearing,  Morgan testified she last worked eight or ten years ago and never completed high school.  As for her physical ailments, Morgan testified that her bone spurs and arthritis caused her "constant pain" and prevented her from walking for more than an hour a day.  She stated she could stand at most for thirty minutes before the pain would become unbearable, but that she could sit for six hours.  She added she could lift no more than fifteen pounds at a time.  As part of her living arrangements, Morgan shared responsibilities for cooking, cleaning the bathroom, taking out the garbage, and vacuuming, sweeping, and mopping the floors.

The government called a vocational expert to testify.  The expert opined that a hypothetical claimant with limited education and the ability to perform only "light" work could work as a cashier, small parts assembler, or electronics worker. None of these positions would expose the worker to "industrial dust, smoke, fumes, [or] gases."  Neither would they require working in poorly ventilated areas. The expert testified, however, that if the hypothetical individual was "off task for 20 percent of the time in an eight hour day," he or she would be "unable to maintain employment."  The expert also testified that someone who could sit for

3

only six hours a day, stand for one, and walk for one would be unable to perform any of the jobs he listed as light work for someone with a limited education.

The ALJ denied Morgan's request for SSI payments on September 25, 2014. Applying the five-step sequential evaluation for determining whether an individual is disabled, the ALJ first found Morgan had not engaged in substantial gainful activity since the date of her application, and that she had a number of severe impairments, including bipolar disorder and depression but not severe bone spurs in either her back or feet.  The ALJ next found Morgan did not have an impairment or combination of impairments severe enough to match any of the impairments recognized by regulation.  The ALJ further found Morgan was capable of performing light work, as long as she avoided "poorly ventilated areas, industrial dust, smoke, fumes, and gases" and was limited to "unskilled, routine, repetitive procedures and tasks."

The ALJ ultimately found Morgan could work as a cashier, electronic worker, or small parts assembler, and that she was therefore not disabled under the Social Security Act.  As part of his determination, the ALJ discounted Dr. Farmati's medical opinion, finding it to be "inconsistent with the objective findings that revealed only minimal degenerative changes in her feet and lumbar spine," and not the product of an in-person examination.  The Appeals Council denied Morgan's request for review.

Morgan filed a complaint in district court on May 10, 2016, alleging the ALJ and Appeals Council erred in determining she did not qualify as disabled. The district court did not agree. The court first rejected Morgan's argument that the ALJ erred when he declined to credit Dr. Farmati's opinion that she could only "stand and walk for one hour each in an eight-hour workday," and even then, only for "30 minutes" at a time. The court reasoned that substantial evidence supported the ALJ's decision to discount Dr. Farmati's opinion, including a 2011 radiology report showing "minimal degenerative changes" on Morgan's bone spurs; a consultative exam with another doctor, where Morgan moved normally despite her complaints of "spine and heel tenderness"; and zero medical requests referencing foot or back pain while she was incarcerated from March to August 2013, among other evidence.

The district court found similarly unpersuasive Morgan's argument that "if there was insufficient evidence in the record that required the ALJ to seek Dr. Farmati's opinion, then there was insufficient evidence to reject his opinion." The district court therefore affirmed the Acting Commissioner's decision to deny Morgan's application for SSI payments. Morgan timely appealed.

## II.

We review <u>de novo</u> the district court's decision to affirm the Commissioner's disability determination. <u>Parks ex rel. D.P. v. Comm'r of Soc.</u>

Sec., 783 F.3d 847, 850 (11th Cir. 2015).  We review the Commissioner's decision "with deference to the factual findings and close scrutiny of the legal conclusions." Id. (quotation marks omitted).  "The Commissioner's factual findings are conclusive if supported by substantial evidence," meaning "relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id. (quotation marks omitted).

## III.

Morgan raises only one argument on appeal.  She contends the ALJ's decision to discount Dr. Farmati's opinion was unsupported by substantial evidence.  Applying the rules that bind us, this argument fails.

The regulations in place at the time the ALJ denied Morgan's application for SSI disability payments make clear the agency is entitled to give more weight to a treating physician's opinion than a medical professional who has never seen the SSI applicant in person.[2]  See 20 C.F.R. § 416.927(c)(2), (3).  In addition, when determining what weight to give a nonexamining source's medical opinion, the agency will consider "the degree to which [the source] provide[s] supporting explanations" and "consider[s] all of the pertinent evidence" in the record,

---

[2] These regulations were revised in January 2017 with an effective date of March 27, 2017.  Revisions to Rules Regarding the Evaluation of Medical Evidence; Correction, 82 Fed. Reg. 15,132 (Mar. 27, 2017).  Because the ALJ decided Morgan's application for SSI disability payments in 2014, we do not apply the new regulations, which may be found in 20 C.F.R. § 416.920c.

including the "medical opinions of treating and other examining sources." Id. § 416.927(c)(3).

The ALJ provided specific and cogent reasons why it accorded Dr. Farmati's opinion little weight, including inconsistencies between his assessment of Morgan's physical capabilities and medical evidence in the record. This Court has recognized that inconsistencies between a medical opinion and objective medical evidence can constitute substantial evidence for an ALJ's decision to discount the medical opinion. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam). Contrary to Dr. Farmati's opinion that Morgan was significantly impaired by foot pain, an x-ray showed only "[m]ild degenerative changes" and multiple medical professionals observed that she could stand and walk without problem. The ALJ also found it significant that Dr. Farmati never personally examined Morgan, and the ALJ was entitled to discount Dr. Farmati's opinion on that basis. The ALJ's decision to discount Dr. Farmati's opinion was therefore supported by substantial evidence.

To the extent Morgan contends the ALJ's ultimate decision to deny her application was unsupported by substantial evidence, that argument, too, is without merit. Morgan suggests that, by issuing an interrogatory to Dr. Farmati, the first ALJ necessarily thought there was insufficient evidence in the record to assess Morgan's SSI application. In her view, the second ALJ's decision, which

discounted Dr. Farmati's opinion, relied on the same evidence the first ALJ must have deemed insufficient and therefore was not supported by substantial evidence.

This argument fails because it presupposes the first ALJ's motives for ordering the interrogatory. As the government points out, an ALJ may order interrogatories for any number of reasons. Here, there is no evidence in the record that the first ALJ thought the evidence was insufficient absent Dr. Farmati's opinion. Morgan's speculation about the first ALJ's motives for ordering the interrogatory does not cast into doubt the second ALJ's determination.

**AFFIRMED.**