[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12701

Non-Argument Calendar

_____

DONN HOWARD CALLAHAN,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01273-AAS

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Donn Howard Callahan appeals the district court's affirmance of the Social Security Administration's (SSA) denial of his claim for a period of disability and disability insurance benefits. He contends the administrative law judge's (ALJ) finding the medical opinion provided by Thanh Le, M.D., was minimally persuasive and was not supported by substantial evidence. After review,[1] we affirm the district court.

The ALJ considers medical opinions from acceptable medical sources, which include licensed physicians and licensed psychologists. 20 C.F.R. §§ 404.1502(a), 404.1513(a)(2). For claims filed on or after March 27, 2017, the SSA's new regulations apply. *Id.* § 404.1520c. Under the new regulatory scheme, the ALJ must articulate how persuasive she finds each medical opinion, but she no longer must assign more weight to a treating source's medical opinion or explain why good cause exists to disregard it. *Compare id.* § 404.1520c(a)-(b) *with id.* § 404.1527(c)(2). Rather, ALJs should focus on the opinion's persuasiveness in light of five factors:

---

[1] We review a social security disability case to determine whether the Commissioner's decision is supported by substantial evidence and review *de novo* whether the correct legal standards were applied. *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005). We will not decide the facts anew, make credibility determinations, or reweigh the evidence. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011).

(1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict" the opinion. *Id.* § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors and must be explained, but the ALJ is not required to explain the other factors. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). Further, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

The ALJ's conclusions are supported by substantial evidence. *See Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997) (stating substantial evidence is any relevant evidence, greater than a scintilla, that "a reasonable person would accept as adequate to support a conclusion"). First, as the ALJ noted, Dr. Le's opinion, imposing strict limitations on Callahan's capabilities, was unsupported by his medical records which consistently reported substantial pain relief from Callahan's medications and normal levels of strength. Second, the ALJ's finding the opinion was inconsistent with the findings of other practitioners was also supported by

substantial evidence as multiple other doctors consistently found that Callahan had full strength in all of his extremities and a normal gait. While there is evidence, both in Dr. Le's record and within medical reports from other practitioners that could have supported a finding of persuasiveness, this Court will not reweigh the evidence when the ALJ's decision is supported by substantial evidence. *See Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158-59 (11th Cir. 2004) (stating we must affirm the ALJ's decision, even if the evidence may preponderate against it, so long as it is supported by substantial evidence). Additionally, the ALJ did not err in failing to explicitly discuss this evidence in her analysis of Dr. Le's opinion as an ALJ is not required to discuss every piece of evidence, and regardless, as acknowledged by Callahan , the ALJ did discuss this evidence in her overall analysis of the RFC. *See Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005) (stating while the ALJ need not discuss every piece of evidence, her decision cannot be a broad rejection that precludes a reviewing court from concluding she considered the claimant's conditions as a whole). As such, we affirm.

**AFFIRMED.**