**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10246

Non-Argument Calendar

————————————

STEVEN THOMAS DEMING,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cv-24650-MJF

————————————

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Steven Deming, proceeding *pro se* on appeal, appeals the district court's order affirming the denial of his claim for disability-insurance benefits. Deming argues that the administrative law

judge ("ALJ") erred in denying his claim because his medical records proved that he has a combination of physical and mental conditions that render him disabled, as reflected by his 100% combined disability rating by the Department of Veterans Affairs ("VA").  After careful review, we affirm.

## I.

Deming applied for disability benefits in 2021, asserting that he became disabled on August 1, 2017, due to a combination of physical and mental impairments.  Deming served in the U.S. Air Force from May 1997 until his honorable discharge in May 2017.

The VA has assessed Deming a 100% combined disability rating for various service-related medical conditions.  These conditions include persistent depressive disorder with anxious stress and major depressive episodes, paroxysmal atrial fibrillation, bilateral plantar fasciitis, right shoulder tendonitis, tinnitus, and obstructive sleep apnea.

Medical records show that, since his discharge, Deming has sought treatment for various physical and mental impairments, including back pain and stiffness, plantar fasciitis, atrial fibrillation, depression, anxiety, agoraphobia, post-traumatic stress disorder, sleep apnea, and insomnia.  Deming's pain and stiffness have been treated largely with massage therapy and chiropractic appointments, to positive effect.  He takes several prescribed medications for his mental conditions.  Deming also reported improvements in his anxiety and ability to sleep from use of medical cannabis, along

with reductions in use of other medications.  Notes from an October 2021 appointment with his treating psychiatrist, Dr. James Igleburger, reflect "significant improvement" in anxiety and sleep-disorder symptoms.

The record includes opinions from several medical professional about the effects of Deming's conditions.  Some opinions, including from Dr. Igleburger, reflected views that Deming had significant limitations on his ability to work.  Other opinions assessed at most moderate limitations on Deming's ability to interact with others, to maintain concentration, persistence, or pace, and to complete a normal workday and workweek without interruptions from psychologically based symptoms.

Deming and his wife filled out functional reports describing Deming's limitations and daily activities.  They both indicated that Deming had difficulty standing, bending, lifting objects, and performing other basic physical tasks and household chores.  His daily activities included letting the dogs out and feeding them, doing dishes, making breakfast, watching TV or surfing the internet, occasionally showering, napping, or making simple meals, and going to medical appointments.  Deming's wife also cited his difficulties sleeping and maintaining a regular schedule because of pain, anxiety, and side effects of medications, and in interacting with others because of irritability and occasional outbursts.

Deming testified in support of his disability claim during a hearing before the ALJ in April 2023.  Among other things, he described engaging in activities including vacuuming, taking his dogs

on short walks, going to the sauna, and some other light physical activity. But he explained that he experienced "extreme," "debilitating" pain in his feet in the morning after walking for a mile. He also said that his depression and anxiety made it difficult to interact with others or be in public. Finally, a vocational expert testified in response to hypotheticals proposed by the ALJ and Deming's counsel.

## II.

In May 2023, the ALJ issued a written decision denying Deming's claim. Applying the five-step sequential disability evaluation required by 20 C.F.R. § 404.1520, the ALJ found that Deming was not disabled under the Social Security Act.

In relevant part, the ALJ found that Deming had the severe impairments of thoracic- and lumbar-spine disorders, anxiety and depression, obesity, paroxysmal atrial fibrillation, left ventricular hypertrophy, and plantar fasciitis. The ALJ also considered the "non-severe" impairments of hypertension and sleep apnea, noting that these impairments were treated sporadically or conservatively and appeared to be controllable with treatment. The ALJ found that Deming's mental impairments imposed mild limitations in understanding, remembering, or applying information, moderate limitations in interacting with others and concentrating, persisting, or maintaining pace, and "a limitation" in adapting or managing oneself.

Notwithstanding these ailments, according to the ALJ, Deming had the residual functional capacity ("RFC") to perform light

work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [Deming] can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally; perform simple, routine and repetitive tasks involving only simple work-related decisions with few if any workplace changes; and have occasional interaction with the public, coworkers and supervisors.

In arriving at this finding, the ALJ stated that he had considered all of Deming's symptoms, the objective medical evidence related to those symptoms, and prior medical opinions and administrative medical findings. The ALJ examined Deming's various symptoms and found that his assertions about the limitations, difficulties, and intensity of his symptoms were not fully consistent with the medical evidence in the record. The ALJ found that Deming's conditions were "mostly stable," and that his treatment records reflected that he engaged in more physical activity than he had claimed, including swimming, lifting weights, and walking up to four miles per day.

While the ALJ acknowledged that Deming suffered from "multiple impairments," the ALJ said none were "debilitating," and the ALJ noted they were incorporated into the RFC finding. The ALJ reviewed Deming's medical records in detail and found that the RFC accounted for the limitations supported by those records,

including pain from plantar fasciitis and back disorders, atrial fibrillation and left ventricular hypertrophy, obesity, anxiety, depression, and medication side effects.

The ALJ expressly addressed Deming's VA disability rating, noting that his current service-connected disability rating was 100%. The ALJ noted that, while he had considered the VA disability rating and VA records, the Social Security Administration applied a different standard of disability than the VA, so the VA disability rating alone was not persuasive. The ALJ observed that, on the whole, Deming's conditions were "mostly stable with treatment," with relatively normal physical and mental exams at "nearly all visits."

Deming appealed the ALJ's decision to the Appeals Council, which denied review. Then he filed a counseled complaint with a federal district court, which affirmed. He now appeals to this Court, proceeding *pro se*. We liberally construe his brief on appeal to argue that the ALJ's disability determination and RFC finding are not supported by substantial evidence.

**III.**

When an ALJ denies an application for benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Our review is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla

and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation marks omitted). Review for substantial evidence is deferential; we may not decide the facts anew, reweigh the evidence, or substitute our judgment for the ALJ. *Id.* We will affirm the ALJ's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

An individual claiming Social Security disability benefits must prove that he is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v), (b)-(g). As relevant here, the fourth and fifth steps involve a determination of the claimant's RFC and his ability to perform past work or to adjust to other work in light of the claimant's RFC, age, education level, and work experience. *See id.* § 404.1520(a)(4)(iv), (v); *see Winschel*, 631 F.3d at 1178.

The governing regulations for claims filed on or after March 27, 2017, like Deming's, state that an ALJ must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must consider any submitted medical opinion or prior administrative medical finding using five enumerated factors: (1) supportability, (2) consistency, (3) relationship with claimant, (4) specialization, and (5) other factors.

*Id.* § 404.1520c(a), (c).  Because the "most important" factors are supportability and consistency, the ALJ must explain how it considered those two factors.  *Id.* § 404.1520c(b)(2).  The ALJ should "articulate how [h]e considered the medical opinions and prior administrative medical findings in [the claimant's] claim according to paragraph (b)."  *Id.* § 404.1520c(a).  Nonetheless, "there are no magic words" that the ALJ must use in stating the weight given to medical opinions or other administrative findings or the reasons for discounting them.  *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 n.14 (11th Cir.), *cert. denied*, 145 S. Ct. 984 (2024).

Deming primarily relies on his disability rating from the VA.[1]  But the decision of another governmental agency, based on the rules of that agency, does not bind an ALJ considering whether the claimant was disabled for purposes of Social Security benefits. See 20 C.F.R. § 404.1504 ("A decision by . . . any other governmental agency about whether you are disabled . . . is based on its rules and is not our decision . . . [and] is not binding on us.").  We have held that an ALJ is not required to follow a VA decision finding a

---

[1] For the first time on appeal, Deming also notes that he was issued a disability placard for his vehicle from a state agency.  But that issue was not properly raised below, so we decline to consider it.  *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (stating that we generally do not consider issues raised for the first time on appeal).  In any event, it would not move the needle because the ALJ's contrary determination was explained and based on substantial evidence.  *See Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1330 (11th Cir. 2020).

claimant disabled so long as the "ALJ's decision shows that she considered the other agency's decision" and "substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision." *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1330 (11th Cir. 2020).

Here, Deming has not shown that the ALJ erred in denying his claim. The ALJ complied with our decision in *Noble* by expressly addressing the VA's disability decision and explaining that it was inconsistent with the objective medical evidence. And substantial evidence in the record supports that determination and the ALJ's broader finding that Deming had the RFC to perform a certain range of light work in the national economy. *See id.*

Deming maintains that his impairments combined suffice to render him disabled, highlighting his "severe" anxiety and sleep apnea. But the ALJ evaluated the medical records and medical opinions on these and other impairments in detail, and found that, while Deming's impairments affected his ability to work, their combined effect was not as debilitating as he claimed. While Deming's treating psychiatrist opined that he had more severe limitations on his ability to work, other opinions supported the ALJ's more moderate assessment. And as the ALJ noted, the treatment records reflected improvements from conservative treatment options. The record shows numerous visits in which Deming reported minimal pain and tension, as well as more substantial physical activity in 2022 and 2023. Episodes of more substantial pain tended to be temporary and circumstantial, such as moving out of

state, shoveling snow, or visiting Disney World.  In addition, Deming's sleep-apnea symptoms improved from consistent use of a CPAP machine, and his psychiatrist noted in October 2021 that he had shown "significant improvement" in anxiety and sleep-disorder symptoms.

In sum, the ALJ provided a reasonable rationale supported by record evidence for concluding that Deming's array of conditions, while limiting his ability to work to some degree, did not render him disabled within the meaning of the Social Security Act. Deming does not identify any specific error committed by the ALJ in evaluating the medical evidence.  And given our deferential standard of review, we may not decide the facts anew, reweigh the evidence, or substitute our judgment for the ALJ.  *See Winschel*, 631 F.3d at 1178.  Because substantial evidence supports the ALJ's decision, we affirm.

**AFFIRMED.**